IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KIMBERLY GARRASI,

      PLAINTIFF,

v.                                         CASE NO.:

TRULIEVE, INC.,

      DEFENDANT.

_____/

## COMPLAINT

Plaintiff, Kimberly Garrasi, (hereinafter referred to as the "Plaintiff" or "Garrasi"), by and through the undersigned counsel, sues the Defendant, Trulieve, Inc. (hereinafter referred to as the "Defendant" or "Trulieve"), and alleges as follows:

### INTRODUCTION

1. Plaintiff brings this action for discrimination and retaliation in violation of her federally protected rights under Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203.

### JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is invoked pursuant to 29 U.S.C. § 2617(a)(2) and 42 U.S.C. §§ 12111-12117, 12203.

3. Declaratory, injunctive, and equitable relief is sought pursuant to 28

1

U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

4. Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

5. This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

6. Plaintiff has complied with all conditions precedent and administrative remedies have been exhausted and jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes. On December 3, 2021, Plaintiff filed a Charge of Discrimination with the Florida Commission on Human Relations ("FCHR" No.: 202232338) and the United States Equal Employment Opportunity Commission ("EEOC" No.: 15D-2022-00205). On May 11, 2022, the FCHR referred Plaintiff's charge of discrimination to the EEOC for further processing.  November 3, 2022, Plaintiff was issued a ninety (90) day Notice of Right to Sue letter from the EEOC, which was not received by her until December 12, 2022.

PARTIES

7. Plaintiff a citizen of the State of Florida who resides in Santa Rosa County, Pace, Florida.

8. Defendant, Trulieve, Inc., is a private for-profit cannabis business that is licensed to do and does business in the Escambia County, Florida.

## FACTS

9. Plaintiff is a 38-year-old Caucasian female.

10. Plaintiff was employed as a Patient Consultant by Defendant at its Pensacola, Ferry Pass, Florida location from March 16, 2021, until October 8, 2021.

11. As a patient consultant, Plaintiff would educate patients on medical marijuana, consult with them and fill orders.

12. During Plaintiff's employment with Defendant, she performed the duties and responsibilities of her position in a satisfactory manner and was not the subject of any disciplinary issues.

13. In September 2021, Plaintiff applied for a promotion to an open coordinator position for the Pensacola Ferry Pass location.

14. The coordinator positions are supervisory, leadership roles providing front of the house support for the Patient Consultants at the Defendant's dispensaries.

15. Plaintiff is the mother of three children with disabilities.

16. Plaintiff's children have Autism.

17. When Plaintiff applied for the promotion, she was told by the assistant

3

store manager that the position was hers, but that they had some concerns.

18.     Plaintiff had even been pre-approved for the promotion by HR.

19.     When Plaintiff interviewed with the store manager and assistant store manager and not the area manager as was Defendant's regular policy.

20.     During the interview, all went well until store manager and assistant store manager said that they had concerns about Plaintiff's kids and her ability to care and tend to them and perform the rigors of the new position.

21.     Plaintiff remined both of them of her excellent work ethic, arriving early and staying late and never having called out.

22.     Nevertheless, they both said that they were concerned about her ability to work the new position having multiple special needs children.

23.     Plaintiff did not get the job and the individual that did get it was a younger, less experienced female, with no management experience, and who does not have children.

24.     After not getting the position, Plaintiff made a formal compliant to HR about what happened and what was said during the interview.

25.     Plaintiff was informed that neither of those individuals should have conducted the interview, but in the end, nothing was done about her complaint.

26.     After having made the complaint to HR, Plaintiff was not treated the same by her assistant store manager or the store manager.

27. Plaintiff was more than qualified for the position for which she interviewed, but was denied the position because of her Autistic children, which was known to both her assistant and store manages at the time of the interview and during her employment.

28. Because of the Defendant's failure to promote, investigate her complaints of discrimination and the retaliation by both her assistant and store manager, Plaintiff resigned her position on October 8, 2021.

## FIRST CAUSE OF ACTION
### *DISABILITY DISCRIMINATION*
### *AMERICANS WITH DISABILITIES ACT, (ADA)*

29. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 6 through 28 of this complaint with the same force and effect as if set forth herein.

30. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*., prohibits employers from discriminating against qualified individuals because of a disability "in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

31. At all times material hereto, Plaintiff was an employee of Defendant and Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), as the Defendant employed more than fifteen (15) employees.

32. The ADA defines "discriminate" to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).

33. As such, Defendant is prohibited from discriminating against a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

34. Plaintiff is the mother of three children with Autism.

35. Plaintiff was more than qualified for the position for which she interviewed.

36. As a result of Defendant's concerns regarding Plaintiff's ability to care for her Autistic children and also perform the duties of the new position for which she was applying, Defendant denied Plaintiff the promotion.

37. Because of the Defendant's failure to promote or investigate her complaints of discrimination by both her assistant and store manager, Plaintiff had no choice but to resign her position on October 8, 2021.

38. Any possible assertion that there was a viable business justification for the treatment of Plaintiff, is entirely *pretextual* for Defendant's discrimination against her for engaging in a protective activity and for any actual or perceived disability.

39. As a result of the Defendant's violations of the ADA, Plaintiff has been substantially damaged, in that she has lost wages, associated job benefits; and in addition, she has sustained compensatory damages, based upon mental, psychological and emotional distress, and anxiety from difficult economic circumstances, resulting from his unlawful discharge.

### SECOND CAUSE OF ACTION
*DISABILITY RETALIATION*
*AMERICANS WITH DISABILITIES ACT, (ADA)*

40. Plaintiff repeats and re-alleges each allegation contained in paragraphs 6 through 20 of this complaint with the same force and effect as if set forth herein.

41. The Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., prohibits employers from retaliating against qualified individuals for objecting to discriminatory acts or for requesting an accommodation.

42. The ADA defines "discriminate" to include "excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4).

43. As such, Defendant is prohibited from discriminating against a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association.

44. Plaintiff is the mother of three children with Autism.

45. Plaintiff was more than qualified for the position for which she interviewed.

46. As a result of Defendant's concerns regarding Plaintiff's ability to care for her Autistic children and also perform the duties of the new position for which she was applying, Defendant denied Plaintiff the promotion.

47. Because of the Defendant's failure to promote or investigate her complaints of discrimination and retaliation by both her assistant and store manager, Plaintiff had no choice but to resign her position on October 8, 2021.

48. Any possible assertion that there was a viable business justification for the treatment of Plaintiff that lead to her termination is entirely *pretextual* for Defendant's retaliation against her for engaging in the statutory protective activity of requesting a reasonable accommodation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

    a) Declaring the acts and practices complained of herein are violation of the ADA;

    b) Enjoining and permanently restraining those violations of the ADA;

    c) Directing the Defendant to take such affirmative action as is

necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

      d)    Equitable relief in the form of reinstatement or front pay, as the court deems appropriate, pursuant to the ADA;

      e)    Directing Defendant to place Plaintiff in the position she would have occupied but for Defendant's discriminatory treatment of her and make her whole for all earnings she would have received but for Defendant's discriminatory treatment, statutory damages for lost wages, benefits, and other compensation, plus interest thereon at the statutory rate, pursuant to the ADA;

      f)    Awarding compensatory damages in the amount of the above-requested award, pursuant to the ADA;

      g)    Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to the ADA;

      h)    Awarding Plaintiff attorney's fees, expert witness fees, and costs of this action, pursuant to the ADA and Fed. R. Civ. P. 54 and such other relief as this Court may deem just and proper;

      i)    Granting such other and further relief, equitable or otherwise, as the Court deems just and proper in the premises.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Dated: January 27, 2023.         By: */s/ Clayton M. Connors*
                                    CLAYTON M. CONNORS
                                    Florida Bar No.: 0095553
                                    Email: cmc@westconlaw.com
                                    **THE LAW OFFICES OF**
                                    **CLAYTON M. CONNORS, PLLC**
                                    4400 Bayou Blvd., Suite 32A
                                    Pensacola, Florida 32503
                                    Tel: (850) 473-0401
                                    *Attorney for Plaintiff*